EDWARD S. REDSTONE & another[1] vs. BOARD OF APPEALS
OF CHELMSFORD & others.[2]

Middlesex. January 19, 1981. — February 13, 1981.

Present: PERRETTA, ROSE, & KASS, JJ.

*Zoning*, Variance, Person aggrieved.

On appeal of a decision of a town's board of appeals granting a variance
to allow parking in the side yard of the applicant's premises at points
closer to an abutting lot than the zoning by-law permitted, a finding
was warranted that the owner and occupant of property located across
the street from the premises were not "persons aggrieved" by the deci-
sion within the meaning of G. L. c. 40A, § 17, even though they were
"parties in interest" entitled to notice under c. 40A, §§ 11 and 15.
[384-385]

CIVIL ACTION commenced in the Superior Court Depart-
ment on May 17, 1979.

The case was heard by *Zobel*, J., on motions for summary
judgment.

*Loring A. Cook, III* (*Paula J. Popeo* with him) for the
plaintiffs.

*Richard L. Fox* for Alfred E. Wilson & another.

KASS, J. Upon the pleadings, affidavits in support of mo-
tions for summary judgment, and a stipulation of the par-
ties, the following undisputed facts were developed:

Alfred E. Wilson, as trustee of Old Landmark Realty
Trust, obtained a variance from the board of appeals of
Chelmsford to allow parking in the side yard of his premises
at One Chelmsford Street at points closer to an abutting lot

[1] The First Bank and Trust Company.

[2] Alfred E. Wilson, trustee of Old Landmark Realty Trust, and Com-
monwealth Federal Savings and Loan Association.

than the zoning by-law permitted. Wilson proposed to lease his property to Commonwealth Federal Savings and Loan Association (Commonwealth Bank) for use as a branch bank. Commonwealth Bank joined in the application for a variance.

The plaintiff Edward S. Redstone owned, and the plaintiff First Bank and Trust Company (First Bank) occupied, premises located across Billerica Street from Wilson's property. Within the meaning of G. L. c. 40A, § 11, as amended through St. 1977, c. 829, §§ 4C-4F, Redstone and First Bank were "parties in interest." Redstone at all times material was president of First Bank.

Redstone and First Bank, claiming to be "persons aggrieved" within the meaning of G. L. c. 40A, § 17, as appearing in St. 1975, c. 808, § 3, appealed under that statutory provision from the grant of the variance.

That portion of Wilson's side yard which the variance allowed him to invade was not visible from the ground level of the First Bank building and could barely be seen from the northernmost corner of Redstone's property. The owners of the premises abutting the side yard to which the variance referred[3] took the position that a five-foot landscaped buffer zone adequately protected their property.

On this state of the facts, the motion judge correctly allowed Wilson's and Commonwealth Bank's motion for summary judgment on the ground that the plaintiffs Redstone and First Bank were not "persons aggrieved" and lacked standing to prosecute the action. Accordingly, judgment was entered dismissing the action.

We said in *Waltham Motor Inn, Inc.* v. *LaCava,* 3 Mass. App. Ct. 210, 215-217 (1975), that the presumption that the owner of property nearby to the subject of an application

---

[3] Although all the premises referred to were zoned for business use, under the Chelmsford zoning by-law a side yard could not be used for parking within twenty feet of premises used for residential purposes. The property abutting the proposed parking area was used for apartments. The variance allowed a reduction of the buffer zone from twenty to five feet.

Redstone v. Board of Appeals of Chelmsford.

for a variance, who receives notice of that application, is a person aggrieved recedes if the issue is contested. Once the plaintiffs' status as aggrieved persons was challenged, the question of standing "was to be determined on all the evidence with no benefit . . . from the presumption as such." *Marotta* v. *Board of Appeals of Revere,* 336 Mass. 199, 204 (1957). *Waltham Motor Inn, Inc.* v. *LaCava, supra* at 217.

Nothing offered by the plaintiffs suggests that they had any grievance to nurse about the proposed use of Wilson's property other than wishing that a competing bank should not materialize on the next street corner. A party is not, however, aggrieved within the meaning of the zoning statute because the zoning relief granted may result in business competition. *Circle Lounge & Grille, Inc.* v. *Board of Appeal of Boston,* 324 Mass. 427, 430 (1949). Indeed, it is hard to imagine what infringements of their legal rights the plaintiffs, who used their estates for business purposes, could conjure up from the varying of a by-law provision designed to protect persons who use their property for residential purposes. Compare *Id.* at 431. Contrast *Rafferty* v. *Sancta Maria Hosp.,* 5 Mass. App. Ct. 624, 629-630 (1977).

Nothing conclusive turns on the fact that the plaintiffs received notice of the zoning proceeding. As the motion judge observed, G. L. c. 40A differentiates between "parties in interest," the category of persons who are entitled to notice under G. L. c. 40A, §§ 11 and 15, and "persons aggrieved," who may appeal under G. L. c. 40A, § 17.

*Judgment affirmed.*