TOWN OF RUTLAND *vs.* PHYLLIS H. FIFE. March 18, 1982. Summary judgment was entered for the defendant, an owner of land adjoining Demond Pond in Rutland. Mass. R. Civ. P. 56(b), 365 Mass. 824 (1974). The plaintiff, town of Rutland, brought the action to enjoin the defendant's construction of a mobile home. It alleged violations of the Wetlands Protection Act. G. L. c. 131, § 40.

Holding that the defendant's parcel was not a wetland within § 40, the Appeals Court affirmed the judgment. *Rutland* v. *Fife*, 11 Mass. App. Ct. 341 (1981). The record presented to the judge and on appeal does not adequately present the issues for review. While affidavits are not required to show that there is no genuine issue of material fact, this case points up the reason why they are recommended. See Mass. R. Civ. P. 56 (e), 365 Mass. 824 (1974). The only material before the judge that bore on the wetland's jurisdictional issue was a letter from Ronald L. Lavigne (who identifies himself as a registered sanitarian) to Rutland's town counsel. Lavigne asserted that the parcel at issue is a wetland. The Appeals Court held that Lavigne's assertion was not sufficient to forestall summary judgment. We disagree.

The Appeals Court characterized the Lavigne letter as "generalized assertion of opinion," on which the judge need not rely. See *Stetson* v. *Selectmen of Carlisle*, 369 Mass. 755, 763 n.12 (1976). We hold that the Lavigne letter, while clearly expressing an opinion, is sufficiently substantial in its description of the parcel as a wetland, to raise an apparent issue of fact. We note further that the record raises an issue as to whether the actions of Fife would "alter any bank . . . bordering . . . on any . . . pond, . . . or any land under said [pond]." G. L. c. 131, § 40. "Alter" means not only excavation, but also the "dumping, discharging or filling with any materials which could degrade the water quality." 310 Code Mass. Regs. 10.02 (3) (d). The Lavigne letter, as well as other documents submitted to the court, adequately raise the issue whether, upon completion and possible failure of the septic system, the bank of Demond Pond would be "altered."

Because we have determined that there are triable issues of fact, we reverse the judgment and remand the case to the Superior Court for trial.

*Judgment reversed.*

*Francis J. Cranston,* Town Counsel, for the plaintiff.

*Gregor I. McGregor* for the defendant.

*Stephen M. Leonard & Malcolm Pittman,* Assistant Attorneys General, for the Commonwealth, amicus curiae, submitted a brief.