JULIAN COHEN, trustee, & others[1] *vs.* ZONING BOARD OF
APPEALS OF PLYMOUTH & another.[2]

No. 93-P-785.

Suffolk. October 7, 1993. - December 10, 1993.

Present: KAPLAN. JACOBS. & IRELAND. JJ

*Practice, Civil*, Zoning appeal, Parties, Standing. *Zoning*, Appeal, En-
forcement, Parties, Person aggrieved.

In an action by abutters challenging a zoning board of appeals' grant of a
special permit for the construction of a "planned shopping center" in an
"arterial commercial" zone, the plaintiffs' submissions in support of
their cross motions for summary judgment did not demonstrate a fac-
tual showing of any specific adverse effect on the plaintiffs' rights or
interests to withstand the defendant's challenge to their standing [622-
623]; nor was any basis for standing pleaded or proved with respect to
any interest of the plaintiffs in preserving the integrity of the zoning
district [624-625].

CIVIL ACTION commenced in the Land Court Department
on August 10, 1992.

The case was heard by *Marilyn M. Sullivan*, J., on mo-
tions for summary judgment.

*David S. Weiss* for the plaintiffs.

*John M. Stevens* for the defendants.

JACOBS, J. In their complaint pursuant to G. L. c. 40A,
§ 17, the plaintiffs asked the Land Court to annul the deci-
sion by the zoning board of appeals of Plymouth (the board)

[1]William B. Leatherbee, who, with Julian Cohen, is trustee under
declaration of trust dated July 16, 1970; I & J Kingston Corp.; Richard F.
Romboldi; Russell Romboldi; and Haik Melkonian, trustee of Forty-Four
Realty Trust. Cohen and Leatherbee, as trustees, and I & J Kingston
Corp. are the owners of land on Samoset Street in Plymouth (the Miles
Standish parcel); the remaining plaintiffs are the owners of other land on
Samoset Street (the Dunkin' Donuts parcel).

[2]Cumberland Farms, Inc.

to grant a special permit to the defendant, Cumberland Farms. On cross motions for summary judgment, a judge allowed Cumberland Farms' motion, ruling that none of the plaintiffs is a "person aggrieved," and denied the plaintiffs' motion. The plaintiffs appeal from the judgment dismissing their complaint. We affirm.

The board issued a special permit to Cumberland Farms for the construction of a "planned shopping center" on its land on Pilgrim Hill Road, which is located in an area designated as "arterial commercial" for zoning purposes. The plaintiffs complain generally that they are aggrieved by the board's decision because they will be adversely affected if the shopping center is constructed, and specifically (1) that the board failed to provide for mitigation of traffic impacts and (2) that the proposed shopping center fails to conform with the zoning by-law requirements for site grading and topography. Status as an "aggrieved person" is a jurisdictional prerequisite to judicial review of a zoning appeal under G. L. c. 40A, § 17. See *Green* v. *Board of Appeals of Provincetown*, 404 Mass. 571, 574 (1989); *Chongris* v. *Board of Appeals of Andover*, 17 Mass. App. Ct. 999, 1000 (1984). A plaintiff bears the burden of demonstrating the requisite standing as "one of the limited class . . . who are entitled to challenge a zoning board's exercise of discretion." *Barvenik* v. *Aldermen of Newton*, 33 Mass. App. Ct. 129, 131-132 (1992). Also see *Harvard Square Defense Fund, Inc.* v. *Planning Bd. of Cambridge*, 27 Mass. App. Ct. 491, 492-493 (1989), and cases cited; *Barvenik* v. *Aldermen of Newton, supra* at 133 n.10.

Although the plaintiffs may be divided into two groups because of their ownership of separate parcels, see note 1, *supra*, and only the Dunkin' Donuts parcel abuts the defendant's land, both of these parcels are within the same arterial commercial zone as the defendant's property. Our analysis proceeds with the recognition that in a multiple party appeal it is only necessary to determine whether any one plaintiff is aggrieved in order to determine the standing issue. See *Mur-*

*ray* v. *Board of Appeals of Barnstable*, 22 Mass. App. Ct. 473, 476 n.7 (1986), and cases cited.[3]

As abutters, the owners of the Dunkin' Donuts parcel have the benefit of a rebuttable presumption of aggrievement. *Barvenik* v. *Aldermen of Newton, supra* at 131 & n.7, and cases cited. "Once the plaintiffs' status as aggrieved persons [is] challenged, the question of standing '[will] be determined on all the evidence with no benefit . . . from the presumption as such.'" *Redstone* v. *Board of Appeals of Chelmsford*, 11 Mass. App. Ct. 383, 385 (1981), quoting from *Marotta* v. *Board of Appeals of Revere*, 336 Mass. 199, 204 (1957). See also *Waltham Motor Inn, Inc.* v. *La-Cava*, 3 Mass. App. Ct. 210, 217 (1975). When standing is contested, the presumption recedes. *Redstone* v. *Board of Appeals of Chelmsford, supra* at 384-385. The burden of proof then shifts to the challenged plaintiff who must come forward with "specific facts" to support the assertion of status as an aggrieved person. *Barvenik* v. *Aldermen of Newton, supra* at 132 n.9. See *Lujan* v. *Defenders of Wildlife*, 504 U.S. 555, _____ (1992) ("Standing . . . requires, at the summary judgment stage, a factual showing of perceptible harm"). This imposition of the requirement that a challenged plaintiff come forward with specific facts is consistent in the circumstances with our case law on summary judgment. See

---

[3]The judge noted that a supermarket is planned for the Myles Standish parcel, which would be a potential competitor of the supermarket that is to be located on the Cumberland Farms parcel, and that special permits had been granted for the development of both parcels. She also noted the potential competition with the use being made of the Dunkin' Donuts parcel and the fact that the Dunkin' Donuts parcel was the subject of a purchase and sale agreement with the developer of the Myles Standish parcel. She concluded that the interests of the owners of the Myles Standish parcel "alone prevent them from having standing," and that the competition factor involving the owners of the Dunkin' Donuts parcel "militates against their standing as well." While the parties focused much of their arguments on whether being a business competitor precluded status as an aggrieved person, see *Circle Lounge & Grille, Inc.* v. *Board of Appeals of Boston*, 324 Mass. 427, 430 (1949); *Green* v. *Board of Appeals of Provincetown*, 404 Mass. at 572 n.4; *Cummings* v. *City Council of Gloucester*, 28 Mass. App. Ct. 345, 350 (1990), we do not rely on resolution of that question.

*Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 716 (1991).

The evidence submitted by Cumberland Farms in support of its motion for summary judgment consists of transcripts of depositions of the clerk of I & J Kingston Corp. and of all the individual plaintiffs except Leatherbee. Although none of the deponents, in answer to specific questions, was able to articulate whether or how the plaintiffs would be injured by the board's decision, we do not rely on their depositions as conclusive. However, we treat these submissions as effectively challenging the plaintiffs' standing, causing the presumption benefiting the owners of the Dunkin' Donuts parcel to recede, thereby shifting to them the burden of proof on that issue.

Of the plaintiffs' submissions in support of their cross motion for summary judgment, only the affidavit of Kenneth P. Cram, a professional traffic engineer, purports to address the plaintiffs' claim of adverse effect. "Individual or corporate property owners acquire standing by asserting a plausible claim of a definite violation of a private right, a private property interest, or a private legal interest." *Harvard Square Defense Fund, Inc.* v. *Planning Bd. of Cambridge*, 27 Mass. App. Ct. at 492-493. The plaintiffs "must establish — by direct facts and not by speculative personal opinion — that [their] injury is special and different from the concerns of the rest of the community." *Barvenik* v. *Aldermen of Newton, supra* at 132. See *Harvard Square Defense Fund, Inc.* v. *Planning Bd. of Cambridge, supra.* Specific evidence must be provided demonstrating "at least . . . [that their] property or legal rights [are] more adversely affected by the [planned shopping center] authorized by the permit than (a) they are by present uses and activities or (b) they would be as a result of the uses and activities permitted as of right on the defendant's locus." *Barvenik* v. *Aldermen of Newton, supra* at 133. See *Harvard Square Defense Fund, Inc.* v. *Planning Bd. of Cambridge, supra* at 494-495.

The Cram affidavit contains general statements that "there will be a substantial increase in vehicular traffic" on Samoset Street as a result of the construction of the shopping center

and that there is "a reasonable likelihood that the substantial increase . . . will adversely affect the property interests [of the plaintiffs]." Cram essentially predicts a reasonable likelihood of increased delays in traffic flow, a reduced ability of patrons of Dunkin' Donuts to make left turns onto Samoset Street, and a likelihood that, because of lines of vehicles on that street, those patrons will be impeded from getting in or out of the Dunkin' Donuts parcel. While Cram's affidavit states that there will be a "substantial increase" in traffic because the parcel is presently "undeveloped . . . raw land," he only asserts, in conclusory fashion, that the proposed use will more adversely affect the plaintiffs than any use permitted as of right in the arterial commercial zone.[4] His analysis focuses on the likelihood of traffic impacts (principally delays) on *patrons* of the Dunkin' Donuts parcel; nothing specifically is addressed to any specific injury that the owners of the parcel might experience. Moreover, there is no analysis of any impact of anticipated traffic increases on the Myles Standish parcel. In the circumstances, the general and conclusory allegations of the affidavit cannot be transformed by inference into genuine triable issues. See *First Natl. Bank* v. *Slade*, 379 Mass. 243, 246 (1979). Even assuming that the anticipated traffic increases and delays will result, there is no specific showing that the plaintiffs will either be injured or that such an injury would be special and different from that which others throughout the zone would experience or, indeed, that their traffic-dependent businesses would not benefit from the increased traffic. Even read generously, the affidavit does not meet the requisite test of factual substantiality. See *Rutland* v. *Fife*, 385 Mass. 1010 (1982); *Noble* v. *Goodyear Tire & Rubber Co.*, 34 Mass. App. Ct. 397, 403 (1993).

---

[4] The zoning by-law, § 401.13(B), allows the following uses without a special permit: "Vehicular related uses including new and use[d] automobile sales, auto rentals . . . [;] motel, hotels; . . . commercial or private recreation facilities such as golf courses, driving ranges, bowling alleys, amusement parts, skating rinks."

The plaintiffs claim in their brief that their interest in "preserving the integrity of [their] zoning district," gives them a sufficient and independent basis for standing to maintain this appeal. While arguing that our cases establish that a landowner has standing even if only asserting a legitimate interest in preserving the integrity of his district, they fail to plead or identify such an interest.[5] Moreover, they fail to indicate how the board's decision on the grading and topography requirements affects the integrity of the district. Their arguments on appeal come too late to convert their allegation below into a claim of standing. The specific allegation of their complaint is that the board exceeded its authority "by reason of the failure . . . to conform with the requirements of § 301.04 [grading and topography]" of the Plymouth zoning by-law. This contention, unsupported by any factual submission, is insufficient to impart standing. It does not support a "plausible claim of a definite violation of a private right . . . ." *Harvard Square Defense Fund, Inc.* v. *Planning Bd. of Cambridge, supra* at 493. A showing of "more than a general civic interest in the enforcement of the zoning ordinance" is required. *Murray* v. *Board of Appeals of Barnstable,* 22 Mass. App. Ct. at 476. Without standing to address the merits of the board's decision, the plaintiffs cannot rely on their contention that there is an uncontroverted

---

[5]We do not read our cases so broadly. *Murray* v. *Board of Appeals of Barnstable,* 22 Mass. App. Ct. at 476, recognized the "legitimate interest [of owners of property in a single family district] in preserving the integrity of the district from the intrusion of multi-family housing." In *Harvard Square Defense Fund, Inc.* v. *Planning Bd. of Cambridge, supra,* in addition to holding that same zone ownership or occupancy is a prerequisite to demonstrating an interest in preserving the integrity of that zone, *id.* at 495, the court distinguished certain allegations of the plaintiffs, as "matters of general public concern which were appropriately addressed by the extensive administrative proceedings held," and as not establishing a statutory "plausible claim of a definite violation of a private right" resulting from the introduction of a permitted use. *Id.* at 493. *Jaffe* v. *Zoning Bd. of Appeals of Newton,* 34 Mass. App. Ct. 929, 930 (1993), while referring to the discussion of district integrity in the *Harvard Square* case, merely held that "[a] party need not reside in the same zoning district as the objected to use to suffer a violation of a private right or interest." Compare *Green* v. *Board of Appeals of Provincetown,* 404 Mass. at 573-574.

violation of the zoning by-law entitling them to summary judgment on their cross motion. That motion, therefore, properly was denied.

*Judgment affirmed.*