O’Neill, J.
The plaintiffs, Burke, appeal from the grant of avariance by the defendant, Board of Appeals, to the defendant Anne Holland to permit the erection of a single-family residence on a lot containing less than the minimum ten thousand square feet of area required by the applicable zoning ordinance. The Burke property abuts that of Holland.
The thrust of the Burkes’ motion for summary judgment is that the facts established by Holland and the decision of the Zoning Board of Appeals do not satisfy the statutory requirements for a variance under the provisions of G.L. c. 40A, §10. The first provision of §10(1) requires that the applicant for a variance prove substantial hardship, “owing to circumstances relating to the soil conditions, shape, or topography of such land or structures and especially affecting such land or structures but not affecting generally the zoning district in which it is located.” There is nothing in the record or in the decision of the Board which satisfies the first criteria of G.L.c. 40A, §10, and, therefore, the grant of the variance cannot stand and the plaintiffs are entitled to summary judgment.[3]
This case was decided shortly after the decision in Tsagronis v. Board of Appeals of Wareham, 33 Mass.App.Ct. 55 (1992), in which the Appeals Court eliminated the first provision of the requirement for a variance in order to permit the applicants to build upon the last unbuilt lot in a subdivision; a situation reasonably close to the facts in the present case. On appeal, the Supreme Judicial Court reversed; (see Tsagronis v. Board of Appeals of Wareham 415 Mass. 329 (1993), in which the Court restored the requirements that an applicant must satisfy all of the provisions of c. 40A, §10, in order to be entitled to avariance). There is nothing in this record which satisfies the first requirement of G.L.c. 40A, §10, and, therefore, the applicant Holland is not entitled to the variance.
The defendant Holland has filed a cross-motion for summary judgment alleging that the plaintiffs do not have standing to challenge the decision of the Board of Appeals. The issue of standing has been in a state of confusion since the Appeals Court attempted to eliminate the necessity of a definite violation of a private right in the case of Green v. Board of Appeals of Provincetown, 26 Mass.App.Ct. 469 (1988). This requirement was restored by the Supreme Judicial Court in Green v. Board of Appeals of Provincetown, 404 Mass. 571 (1989).
Recently, there appears to be a trend in the Appeals Court toward limiting the definition of an aggrieved person. See Barvenik v. Board of Appeals of Newton, 33 Mass.App.Ct. 129 (1992), and a decision reported in this week’s Lawyers Weekly which the Court has not read, entitled Cohen v. Zoning Board of Appeals of Plymouth 35 Mass.App.Ct. 619, published on December 20, 1993.
However, in another 1992 case, Tsagronis v. Board of Appeals of Wareham supra, the Appeals Court had no problem in finding that the plaintiffs were aggrieved by a partial obstruction of a view resulting in an alleged diminution in property value. The Court states, “the plaintiffs may assert a legal interest in preventing further construction in a district in which the existing development is already more dense than the applicable zoning regulation allows.” Tsagronis, supra at page 59. The court is not sure whether this fits the definition *551 of a definite violation of a private right which Jacobs, J., appears to speak about in the Cohen case.[5]
Turning to the facts which give rise to standing in the present case, the Burkes allege that they are aggrieved because the development of the adjacent lot will impact on their lot in terms of noise, privacy, traffic and enjoyment of their house from their living areas. (Deposition of Dr. Burke pp. 29-49, and deposition of Mrs. Burke pp. 31-49; see also Burkes’ answers to interrogatories.)
In 1991, the Appeals Court decided the case of Snow v. Board of Appeals of Barnstable et al in a Memorandum and Order under Rule 1:28, a copy of which is attached to this declsion. The issues presented in that case, particularly on the issue of standing, were remarkably similar to the present case. This Court found that the plaintiffs, although abutters entitled to receive notice, were not aggrieved by the grant of a variance to the plaintiffs to erect a single-family home. The arguments made by the plaintiffs in that case were identical to those presented by the Burkes. The Appeals Court reversed and recognized the claims of the plaintiff as being sufficient to grant them standing to challenge the decision of the Court. On the basis of the Snow case, the Court rules, as a matter of law, that the Burkes are a person aggrieved within the terms of G.L.c. 40A, §17, and, therefore, have standing to maintain this action.
Inasmuch as the plaintiffs have standing to maintain the action and the decision and the facts supporting that decision do not comply with the provisions of G.L.c. 40A, §10, the Court finds as a matter of law that the decision of the Zoning Board of Appeals of the Town of Harwich granting a variance to the defendant Holland exceeded its authority and must be annulled.
ORDER
Based upon the foregoing, it is hereby ORDERED that the plaintiffs Burke’s motion for summary judgment is ALLOWED and the defendant Holland’s motion for summary judgment is DENIED. Judgment is to enter that the decision of the Board of Appeals of the Town of Harwich exceeded its authority and cannot stand.

 conclusion presumes that the plaintiffs have standing under G.L.c. 40A, §17.

 As quoted in Lawyers Weekly.

 It is interesting to note that the dissent in the Supreme Judicial Court decision in Tsagronis supra is critical of the finding in the Appeals Court that the plaintiffs were aggrieved persons as defined in G.L.c. 40A, §17.