Carhart, J.
This is an appeal of site plan approval by the Sturbridge Planning Board (“planning board”) for a regional shopping center on Route 20 in Sturbridge (“project”). Plaintiffs, a group of Sturbridge residents, who are not abutters to the proposed shopping center, claim to be aggrieved by the planning board’s decision. Defendant, W.S. Development Associates (“W.S.”), the project developer, filed a motion for summary judgment alleging that the plaintiffs lack standing to bring this action. Plaintiffs filed an opposition asserting that they are aggrieved parties by virtue of their status as members of a limited class of individuals who are entitled to challenge the board’s *71 action. After hearing counsel for the parties’ and having considered the affidavits of both parties and the memoranda filed in this matter, W.S.’s motion for summary judgment is DENIED.
BACKGROUND
In June, 1994, defendant, W.S. Development Associates, applied to the Sturbridge planning board for a site plan approval under the Sturbridge Zoning by-law for a regional shopping center on Route 20 near the Massachusetts Turnpike. The proposed shopping center would have a number of retail stores and twenty acres of parking. One of the retail stores, a Walmart, would be over one hundred thousand square feet in size.
Plaintiffs, who are residents of Sturbridge but who are not abutters to the project, oppose the project. They can be divided into two separate classes. The first class of plaintiffs are those who live on roads which lead to the proposed project, those roads being Fiske Hill, Whittemore Road, and Hall Road. These plaintiffs assert that a variety of problems would occur if the project is built, including but not limited to an increase in traffic.
The other class of plaintiffs are those plaintiffs who live in the Walker Pond neighborhood. Walker Pond is a residential neighborhood on the east side of Walker Pond which is across the turnpike from the proposed project. These plaintiffs claim that storm water rim off from this project would be collected and would run under the Massachusetts Turnpike into Walker Pond, causing a detrimental increase in phosphorous levels in Walker Pond.
On November 15, 1994, after public hearings, the board voted to approve W.S.’s site plan with conditions. That decision was filed with the town clerk on November 23, 1994. Some of the conditions that are attendant to the approval of the proposed development are that the water chemistry and Walker Pond be monitored.
Plaintiffs filed this appeal of approval of the site plan. W.S. filed a motion for summary judgment asserting that plaintiffs lack standing to bring the appeal.
DISCUSSION
A. Summary Judgment Standard
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass, at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989). Plaintiffs in this case have come forward with sufficient facts to establish the existence of a genuine issue of material fact with respect to the issue of standing, thereby precluding the granting of summaryjudgment for defendant.
B. Plaintiffs’ Standing
Defendant argues that plaintiffs lack standing to bring this appeal because they are not “aggrieved persons” within the meaning of G.L.c. 40A, §17. Plaintiffs respond that they are aggrieved persons by virtue of their status as members of a limited class of individuals who are entitled to challenge the board’s action. Plaintiffs further allege that their injuries are of a nature that is different from the concerns of the rest of the community. In support of their position, plaintiffs have filed numerous affidavits. I agree with plaintiffs.
A series of appellate court decisions have developed the standard for determining aggrievement under G.L.c. 40A, §17. A court has jurisdiction to hear a zoning appeal only if the plaintiff is an “aggrieved person.” G.L.c. 40A, §17. See also, Barvenik v. Board of Alderman of Newton, 33 Mass.App.Ct. 129, 131 (1992). Plaintiff has the burden of proof on the issue of standing. Barvenik at 131-32.
To satisfy that burden, plaintiff must show that he or she is one of a limited class of individuals whose injury is special and different from the concerns of the rest of the community. Barvenik at 132; Cohen v. Zoning Board of Appeals of Plymouth, 35 Mass.App.Ct. 619, 622 (1993). This showing must be made by direct facts and not by speculative personal opinion. Barvenik at 132. Concerns about the impairment of aesthetics or neighborhood appearance, incompatible architectural styles, the diminishment of close neighborhood feeling, or the loss of open or natural space are all considered insufficient to establish standing. Id. at 132-33. See also, Marashlian v. Zoning Board of Appeals of Newburyport, 37 Mass.App.Ct. 931, 933 (1994). Furthermore, when a plaintiff raises
legitimate zoning-related concerns, including possible traffic increases . . . [he] must nonetheless offer more than conjecture and hypothesis. He must provide specific evidence demonstrating a reasonable likelihood that the granting of the special permit will result, if not in a diminution in the *72 value of his property, at least in his property or legal rights being more adversely affected by the activity authorized by the permit than (a) they are by present uses and activities or (b) they would be as a result of the uses and activities permitted as of right on the defendant’s locus. Id. at 133.
Plaintiffs here have come forward with specific evidence, through submission of expert affidavits, to establish their standing as “aggrieved persons” within the meaning of c. 40A, §17. The affidavit ofBruce Campbell, a traffic expert, establishes that plaintiffs living on Fiske Hill and Whittemore and Hall Roads will be affected by an increase in traffic in a way that is different from the rest of the community. In addition, the affidavit of John Rockwood, an environmental scientist, establishes that Walker Pond will be adversely affected by the existence of the project. Plaintiffs living in the Walker Pond neighborhood submitted their own affidavits which established that they will suffer a special and different injury because of that adverse impact. Thus, plaintiffs have met their burden in coming forward with direct facts, beyond mere speculation, establishing that their injuries are special and different from the rest of the community and that their properly rights will be more adversely affected than by present uses of the Route 20 property or by uses that would be permitted as of right on the subject property. Therefore, W.S.’s motion for summary judgment is DENIED.
ORDER
Based on the foregoing, W.S. Development Associates’ motion for summary judgment is DENIED.