Toomey, J.
INTRODUCTION
Plaintiffs Frederick H. Heyn, III and Eileen M. Heyn brought these two actions in appeal of decisions by the Board of Appeals of Worcester (“the Board”) granting a zoning variance to Honey Farms, Inc. (“Honey Farms”). The matter is before the court on Honey Farms’ motion for summary judgment. For reasons stated, the motion is granted.
BACKGROUND
This dispute concerns undeveloped land located at the northwest corner of the intersection of Route 20 and Massasoit Road in Worcester. Honey Farms has an option to purchase this property from the current owner. The Heyns own property adjacent to it on the west, where they have a sheet metal fabrication shop.
The disputed property is zoned ML-0.5 by the Worcester Zoning Ordinance. Under this designation, the land can be used as a matter of right for, among other things, a parking lot, a place or worship, a school, a bank, a bus station, a restaurant, a health club, a motel, a driving school, a package store, a radio or television studio, a research laboratory, a movie theater, a concert hall, or an auto body shop.
Honey Farms plans to develop the property as a convenience store and gasoline station. Such uses are allowed in an ML-0.5 district upon issuance of a special permit. Honey Farms’ plan for the property also requires a variance of the sign height requirement and the front and rear setback requirements. The Board voted, onAugust8,1994, to approve the special permit and dimensional variances, but also imposed several traffic restrictions. Honey Farms requested that the Board reconsider one of these restrictions. In response, the Board issued, on September 26, 1994, an addendum which limited its prior order regarding traffic restrictions. The addendum was filed with the Cily Clerk on October 4, 1994.
Disputing the decisions by the Board, the Heyns commenced these suits on October 21, 1994. In Civil Action No. 94-2367, the Heyns seek to annul the original decision granting the special permit and the variances; in Civil Action No. 94-2368, they seek to annul the final order limiting the traffic restriction in the original order. The plaintiffs pressed the complaints because of their concern that the proposed use of the site will make access to their property more dangerous by changing the traffic pattern. Honey Farms responded with motions for summary judgment on both suits.
DISCUSSION
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where the party moving for summary judgment does not have the burden of proof at trial, this burden may be met by either submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communication Corp., 410 Mass. 805, 809 (1991). Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion. Pederson, supra at 17.
The Heyns brought their complaint pursuant to G.L.c. 40A, §17. The statute allows “any person aggrieved by a decision of the board of appeals” to appeal the decision. Because aggrieved person status is a jurisdictional prerequisite, this Court may consider a zoning appeal only if the plaintiffs are aggrieved persons. Barvenik v. Board of Aldermen of Newton, 33 Mass.App.Ct. 129, 131 (1992). Persons “aggrieved” include only the limited class of individuals whose property interests are affected by the zoning decision. Harvard Square Defense Fund, Inc. v. Planning Board of Cambridge, 27 Mass.App.Ct. 491, 492 (1989).
Abutters have the benefit of a rebuttable presumption of aggrievement. Cohen v. Zoning Board of Appeals of Plymouth, 35 Mass.App.Ct. 619, 621 (1993). Once the presumption of aggrievement is challenged, however, the burden of proof shifts to plaintiffs, who must come forward with “specific facts” to support their assertion of status as aggrieved persons. Id. Those *670 facts must demonstrate a plausible claim of a definite violation of a private right, a private property interest, or a private legal interest. Id. at 622. The plaintiffs must establish by direct facts, and not by speculative personal opinion, that their injury is special and different from the concerns of the rest of the community. Id. Further, they must present specific evidence that their properly or legal rights are affected more adversely by the special permit or variance than by the present use or activities or by uses or activities permitted as of right. Id.
In Cohen, the plaintiffs submitted an affidavit by a professional traffic engineer asserting that “there will be a substantial increase in vehicular traffic,” predicting a reasonable likelihood of increased delays in traffic flow, and suggesting a reduced ability of the plaintiffs patrons to access the street. Id. at 622-23. Because, however, the Cohen plaintiffs submitted only conclusory statements that the proposed use would affect them in a more adverse fashion than any use permitted as of right, the Appeals Court endorsed summary judgment for the defendants. Id. at 623. A similar result should obtain at bar.
As owners of abutting land, the Heyns enjoyed, at the outset, a rebuttable presumption of aggrievement. Honey Farms challenged that rebuttable presumption by submitting expert testimony that the planned use would not substantially affect traffic patterns. The burden, therefore, shifted to the Heyns to produce specific and direct facts demonstrating that the proposed use would affect them more adversely than the current use or a use allowed as of right.
The Heyns sought so to demonstrate by submitting deposition testimony in which Frederick Heyn stated that the Route 20 entrance to the Heyns’ property was only about 80 feet from the proposed entrance of the property in question, that people would be speeding in and out of the proposed entrance all day long and that people would use the Heyns’ property as a turn around. The deposition testimony is, however, not adequate, by itself, to establish that the proposed use of the property will create more of an adverse impact on traffic than uses allowed as of right, such as a bus station, a driving school, a health club, a package store, or a movie theater. That failing requires the conclusion that the plaintiffs have not met their burden of producing the evidence required to defeat summary judgment. The motion of defendant Honey Farms shall be granted.[3]
ORDER
For the foregoing reasons, it is hereby ORDERED that Honey Farms’ motion for summary judgment be ALLOWED.

The court need not reach a second issue raised by Honey Farms in Civil Action No. 94-2367. Honey Farms alleges that the Heyns did not file their action within twenty days of the original decision by the Board, and that their claim is therefore barred by statute. I note, however, that the Heyns produced evidence showing that the Board notified them within twenty days of its original decision that it would reconsider that decision. Therefore, the decision may not have been final until the Board filed its addendum on October 4. See Planning Board of Falmouth v. Board of Appeals of Falmouth, 5 Mass.App.Ct. 324, 327 (1977) (decision not final if it contemplates a further determination of substance by the Board). If that analysis prevails, the commencement of the suit on October 21 would satisfy the twenty-day rule and Honey Farm’s defense of tardiness would be unavailing.