Sosman, J.
Plaintiffs have brought the present action challenging the decision of the Westminster Zoning Board of Appeals to grant a Special Permit to defendants Kopley and Normandin, the owners of an abutting parcel of land on Virginia Avenue in Westminster. Defendants have moved for summary judgment on the ground that plaintiffs lack standing. For the following reasons, defendants’ motion is ALLOWED.
Facts
Defendants Normandin and Kopley, as Trustees of Kapa Realty Trust (“Kapa”), are the owners of a parcel of land (Lots 40-42) on Virginia Avenue in the Town of Westminster. Kapa wishes to construct a single-family home on the lot, a use which meets all requirements of the Town’s Zoning By-Law.
However, in order to construct the septic system for the proposed home, Kapa’s engineers have designed a system that includes extension of a “breakout slope” into the 100-year flood plain. The projectwould involve placing twenty-five (25) cubic yards of fill within the flood plain. In order to place this fill within the flood plain, defendants needed to obtain a Special Permit. On January 13, 1994, the Westminster Zoning Board of Appeals granted Kapa’s petition for a special permit, thus allowing Kapa to deposit the twenty-five yards of fill in the 100-year flood plain.[1]
Plaintiffs are abutters to the parcel owned by Kapa who are opposed to the project. They object to the construction of the proposed septic system, complaining that it will change drainage patterns and be an eyesore to the neighborhood. They also assert, based on an alleged problem with boundary lines, that the system design will require utility lines to be moved into Virginia Avenue. Plaintiffs have submitted no expert affidavits with respect to either the drainage problem they allege or the boundary problem that would allegedly result in some problem with the roadway.
*61 Defendants have submitted an affidavit from an engineer indicating that the deposit of twenty-five cubic yards of All in the flood plain, as allowed by the Special Permit, would raise the level of Wyman Pond by only one thousandth (Viooo) of an inch in the 100-year flood. The elevations of all plaintiffs’ property place them above the level of the 100-year flood plain.
Discussion
In order to pursue their zoning appeal to the Superior Court, plaintiffs must show that they are “aggrieved” by the granting of the Special Permit to Kapa. G.L.c. 40A, §17. As abutters, plaintiffs enjoy a presumption that they are aggrieved, but that presumption is rebuttable. Barvenik v. Board of Aldermen of Newton, 33 Mass.App.Ct. 129, 131 (1992). Where, as here, a plaintiffs status as an aggrieved person is challenged, the presumption disappears and plaintiffs bear the burden of proof on the issue of standing. Id. at 131-32; Redstone v. Board of Appeals of Chelmsford, 11 Mass.App.Ct. 383, 385 (1981); Marotta v. Board of Appeals of Revere, 336 Mass. 199, 204 (1957).
Plaintiffs do not dispute the opinion of defendants’ engineer to the effect that the increase in the water level during the 100-year flood that would result from the fill allowed by this Special Permit is de minimis and of no consequence to them whatsoever. Rather, they seek to base their standing on other aspects of the proposed system, namely, the claim that the other components of the system will affect drainage, will require relocation of utility lines, and would be aesthetically distasteful.
With regard to the claim about effect on drainage, plaintiffs offer only the personal opinion of plaintiff Tuoko Salonen predicting that the grading accompanying the septic system (not the fill being placed in the flood plain) and the run-off from the garage roof will “divert the natural water flow on the lot toward my lot.”[2] No expert opinion on the subject has been submitted. With respect to aesthetic concerns, plaintiff Salonen complains that the garage “will ruin the view and atmosphere in my frontyard.” Finally, plaintiff Vincent Jamieson speculates that, because of alleged disagreements about the location of a property line, some utility lines may need to be moved which would allegedly “narrow the roadway” and cause “traffic congestion” and “inconvenience.”
Standing may not be based on “speculative personal opinion” or on “[s]ubjective and unspecified fears about the possible impairment of aesthetics.” Barvenik, 33 Mass.App.Ct. at 131-32. That is all the present plaintiffs have offered. Their fears about diversion of water flow are a matter of unsubstantiated opinion. No expert affidavit has been offered to indicate that there will be any increased flow of water onto Salonen’s properly. Nor is there any expert opinion submitted with respect to the purported boundary problem, let alone any basis for claiming that the only solution to that alleged problem requires relocation of any utility lines. Jamieson’s fears about aesthetics are both vague and completely subjective. Moreover, none of these concerns stems from the precise zoning relief that has been granted — i.e., the permission to put a minute amount of fill into the flood plain — but rather from other aspects of the project that do not require any form of zoning relief.
Plaintiffs finally suggest that, if they prevail on another case they have filed challenging Kapa’s septic system permit (Jamieson et al. v. Snyder et al., Worcester Superior Court, Civil Action No. 94-2121), the system would have to be redesigned in a way that “will result in significantly more fill in the flood plain.”[3] The Special Permit that Kapa now has is based on the current design, which only requires twenty-five cubic yards of fill. Speculation that what that Permit allows will not turn out to be sufficient is premature and does not serve to create a basis for standing to challenge the Permit as it presently reads.
ORDER
For the foregoing reasons, defendants’ motion for summary judgment is ALLOWED and it is hereby ORDERED that judgment be entered in favor of defendants.

Kapa had previously obtained an Order of Conditions from the Westminster Conservation Commission for this work, pursuant to the Wetlands Protection Act. G.L.c. 131, §40. The Order of Conditions was not appealed and is now final.

Plaintiffs contend that the garage that is proposed has an unusual configuration so as to assist Kapa in meeting specifications for the septic system. It is not disputed that Kapa has the right to build a garage on the premises.

Even a considerable increase in the amount of fill used would still, by the engineer’s calculations, have no significant effect on the water elevation during the 100-year flood nor any impact on plaintiffs’ respective properties.