Agnes, A.J.
INTRODUCTION
The plaintiff initiated this civil suit, pursuant to G.L.c. 40A, §17, in response to the decision of City of Worcester Zoning Board of Appeals to grant a special permit and a variance to Feng Zi Li for construction of a take-out Chinese food restaurant. Both defendants filed motions for summary judgment on the grounds that the plaintiff lacks standing to bring the claim.
FACTUAL BACKGROUND
Pravate Puntumapanitch owns a building located at 872 Main Street, Worcester, Massachusetts. This building is currently in use in part as a convenience store and in part as a laundromat. In July 2002, defendant Feng Zi Li (“Li”) signed an option to purchase this property. The option was contingent upon his obtaining the necessary zoning relief to open and operate a take-out Chinese food restaurant in the space previously occupied by the convenience store. Li applied to the Zoning Board for a special permit for the operation of a restaurant and for a variance from the off-street parking requirements of the Zoning Ordinance. On November 5, 2003, the Board granted both the special permit and the variance.
The plaintiff is the owner of868 Main Street, which is the adjacent property to Puntumapanitch’s building. Plaintiff currently leases the building to three churches and an automobile repair shop. He also owns a Chinese food restaurant, opened in 1989, which is located at 892 Main Street. Plaintiff was involved in negotiations with Puntumapanitch for purchase of the 872 Main Street property, but negotiations were not successful. In late November 2003, after Li signed the option to purchase the property and was granted the variance and special permit by the Zoning Board, plaintiff filed this action. The plaintiff maintains that the addition of a take-out restaurant on Main Street without any off-street parking will adversely affect his abutting property by causing increased traffic and decreased availability of parking.
In support of his claim, the plaintiff offered his own opinion about the consequences of the proposed land use, based on his experience as the operator of a similar establishment along the same busy street. In his affidavit, plaintiff states, “Through my experience operating Best Chinese Restaurant I have become intimately familiar with the amount of pedestrian verses [sic] the amount of vehicular traffic generated by a restaurant on Main Street, Worcester, Massachusetts.” Although the complaint and several memoranda of law note that the plaintiff believes the proposed land use would cause traffic increases and parking problems, the plaintiff does not specifically state these allegations in his affidavit.
In an effort to rebut the presumption of standing, defendant Li relies on the affidavit of Puntumapanitch, in which he points out that the site is located in a densely populated and developed area of the City of Worcester. Puntumapanitch also notes, “The take-out restaurant will serve largely pedestrian traffic. Main Street provides adequate parking for any customers who drive to the restaurant to pick up orders. It provided adequate parking for the convenience store.”
DISCUSSION
In order to obtain judicial review of the decision of a zoning board under G.L.c. 40A, §17, a plaintiff must be “aggrieved,” i.e. he must suffer some infringement of his legal rights that is special and different from the concerns of the community at large. Barvenik v. Board of Aldermen of Newton, 33 Mass.App.Ct. 129, 131-32 (1992). There is a presumption, however, that an abutter to the property is an aggrieved person with standing to bring an action under G.L.c. 40A, §17. Id. at 131. This presumption can be rebutted by offering additional evidence to challenge the basis for standing or by demonstrating that the plaintiffs affidavit fails to establish a special injury to any legal interest. Bell v. Zoning Board of Appeals, 429 Mass. 551, 553-54 (1999). If the presumption of aggrieved person status is rebutted, the issue is to be decided on the basis of the evidence without any benefit to either party. Id. The plaintiff then “must put forth credible evidence to substantiate his allegations.” Marashlian v. Zoning Board of Appeals of Newburyport, 421 Mass. 719, 721 (1996). The evidence offered by defendant Li that the proposed restaurant is located in a densely populated and developed area and that Main Street provides adequate parking is sufficient to rebut the presumption of standing. See Bell, 429 Mass. 551 at 553-54.
In an effort to establish standing independent of the statutory presumption, the plaintiff claims the variance and special permit will cause special injury to him through increased traffic and decreased availability of parking on Main Street. In support of his claim, the plaintiff has offered his own opinion about potential increases in traffic and decreases in parking availability, based on his experience as an owner of a similar restaurant on the same street. However, it is *77 settled that, “(e]ven when positing legitimate zoning-related concerns, including possible vehicular traffic increases [and] anticipated parking problems ... a plaintiff must nonetheless offer more than conjecture and hypothesis.” See Barvenik, 33 Mass.App.Ct. at 133. In a case such as this, the plaintiff must provide specific evidence, “by direct facts and not by speculative personal opinion,” demonstrating a reasonable likelihood that the granting of a special permit will cause special injury to the plaintiff that is not felt by the surrounding community. See id. at 132, 133. Ultimately the question of standing under G.L.c. 40A, §17 is a question of fact for the Court. Marashlian, supra, 421 Mass, at 721.
The plaintiffs affidavit contains only general conclusory statements regarding the potential increase in traffic that might result from the granting of the variance and the special permit. This submission is not sufficient to establish standing under G.L.c. 40A, § 17. See Cohen v. Zoning Board of Appeals of Plymouth, 35 Mass.App.Ct. 619, 622 (1993) (concluding that the affidavit of a professional traffic engineer, which contained only general conclusory statements purporting to address the plaintiffs claims of adverse effect of the construction of a shopping center, was insufficient to allow standing). The court in Cohen suggested that an analysis of the impact of anticipated traffic increases on the affected property might lead to an allowance of standing; however, the plaintiff in this case did not commission such a study. See id. Traffic concerns were considered by the defendant Zoning Board of Appeals. A private party cannot demonstrate standing to challenge a Zoning Board of Appeals determination to grant a special permit or variance under G.L.c. 40A, §17 by simply opining that it will cause or contribute to traffic problems.
The materials submitted by the plaintiff in this case “contain nothing more than unsubstantiated opinions as to the potential negative consequences” of the proposed land use. See Rinaldi v. Board of Appeal of Boston, 50 Mass.App.Ct. 657, 660 (2001). Since the affidavit of the plaintiff alone is not sufficient evidence of any special negative impact the proposed land use would have on the plaintiffs property, he has failed to meet his burden to establish standing, and thus this Court lacks jurisdiction to hear his complaint. See G.L.c. 40A, §17; Cohen, 35 Mass.App.Ct. at 622.
The result reached in this case is consistent with the results reached in other cases decided by this Court. See, e.g., Brida Realty v. Planning Board of the Town of Holliston, Civil No. 995920 (Middlesex Super. Ct., Nov. 1, 2002) (Graham, J.) (15 Mass. L. Rptr. 468) (Plaintiff had standing because it demonstrated by credible evidence that increased traffic generated by a proposed self-service gasoline station on the adjacent property would adversely affect its use of a shared driveway and adjacent road and that the general public would not be affected by these impacts); Evarts v. Planning Board of the City of Somerville, Civil No. 010145 (Middlesex Super. Ct., Sept. 26, 2002) (Neel, J.) (15 Mass. L. Rptr. 306) (Plaintiff who demonstrated evidence of specific injury to her ability to navigate the roadways when leaving her property due to a significant increase in traffic from a proposed mall had standing); Hobeika v. Liu, Civil No. 973809 (Middlesex Super. Ct., June 29, 1999) (Van Gestel, J.) (10 Mass. L. Rptr. 408) (Plaintiff who did not offer credible evidence to show that a lodging house which was proposing to add short-term accommodations to its business would contribute in any significant way to increased traffic and congestion or to a loss of parking spaces did not have standing); Cooper v. Callinan, Civil No. 981183A (Middlesex Super. Ct., Nov. 23, 1998) (Fabricant, J.) (abutting neighbors had standing where their affidavits attested that they had experienced increased pedestrian and vehicular traffic as a result of a variance which allowed the defendants to use their home as a two-family residence instead of a single-family residence); McKeon v. Todd, Civil No. 971150B (Worcester Super. Ct., June 22, 1998) (Ball, J.) (8 Mass. L. Rptr. 585) (abutting neighbor who did not present any specific evidence regarding a harmful impact on his property of a proposed gas station renovation did not have standing).
ORDER
For the foregoing reasons, the defendant’s motion for summary judgment is GRANTED.