Agnes, Peter W., J.
INTRODUCTION
The plaintiffs initiated this civil suit, pursuant to G.L.c. 40A, §17, in response to the decision of the Planning Board of the Town of Lunenburg (“Board”) to grant a special permit to defendant Global Property Developers Corporation (“Global”) for the construction of a multi-residential and mixed-use community. Defendant Global filed a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(1) on the grounds that none of the plaintiffs have standing to bring the claim.
FACTUAL BACKGROUND
This dispute concerns the development and construction of a multi-residential community on property that was the former location of Whalom Amusement Park. The property is located on Electric Avenue, Whalom Road and Lakefront Avenue (Map 82, Parcel 237), Lunenburg, Massachusetts 01462. In September 2005, Global applied for a special permit and development plan review for a two hundred and forty (240) town-house style and garden-style residential units known as Emerald Place (“the project”). After the submittal was reviewed by local and state agencies and a public hearing was held, the Board granted a special permit to Global in June 2006. Plaintiffs filed suit shortly thereafter on July 3, 2006.
Plaintiffs are all residents of Lunenburg, Massachusetts, in the area known as Whalom. In support of their claim, plaintiffs offered their own opinions about six (6) concerns they had with regards to the project. In an affidavit by named plaintiff, Shawn Therrein, he stated, “(1) We are concerned for the safety of our children do to increased traffic on Pierce Avenue, which will be generated by the project; (2) . . . about the height of the building and its potential to block light and air; (3) . . . the density of the project and the noise that will be generated thereby; (4) . . . the inconveniences to our family and ourselves from the increased traffic that will be generated by the project on Pierce Avenue; (5) . . . increased noise, the loss of a visual barrier and the loss of the natural features provided by the tree buffer on Pierce Avenue; (6) . . . [and] concerned that trucks and other vehicles that utilize the ’’bus road" will be diverted to Pierce Avenue by the proposed design of [the project]." (Therrein Affidavit, 36-41.)
In an effort to rebut the presumption of standing, defendant Global relied on the second affidavit of Carl Pearson, Vice President of Global Property Developers Corporation. Carl Pearson in turn addressed each of plaintiffs concerns:
(1) . . . the parking lot contained approximately 4,000 parking places. People entered and exited the parking lot via Pierce Avenue. (Second Pearson Affidavit, 10.) The portion of [the project] adjacent to Pierce Avenue (which will have approximately 80 parking spots) will have significantly less impact on traffic on Pierce Avenue and the surrounding roads then when Whalom Park was in use. (Second Pearson Affidavit, 11.) [T]he Traffic Impact and Access Study submitted to the Planning board addressed the issue of traffic on Pierce Avenue and the surrounding streets and did not find that there would be a significant increase in traffic. (Second Pearson Affidavit, 12; Defendant Exhibit 1, 16.) The Planning Board found that the addition of sidewalks on Pierce Avenue and its widening would increase the safely in the area, not decrease it. (Second Pearson Affidavit, 15; Defendant Ex. 1, 16);
(2) The [project] is located Northeast of the Therrein residence on Pierce Avenue. As such, it is physically impossible for the proposed structure to block light and air to the Therrein (or any of the named Plaintiffs) residence. (Second Pearson Affidavit, 13; Defendant Ex. 2);
(3) . . . the distance between the proposed development and the Therrein (or any named Plaintiffs) residence negates any noise impact to the proposed development. (Pearson Affidavit, 14.) [T]he Planning Board found that the Project density was acceptable. (Pearson Affidavit, 16; Defendant Ex. 1, 77);
(4) [T]he Traffic Impact and Access Study submitted to the Planning board addressed the issue of traffic on Pierce Avenue and the surrounding streets and did not find that there would be a significant increase in traffic. (Second Pearson Affidavit, 12; Defendant Exhibit 1,16.) The Planning Board found that the addition of sidewalks on Pierce Avenue and its widening would increase the safety in the area, not decrease it." (Second Pearson Affidavit, 15; Defendant Ex. 1, 16);
*474 (5) [T]here is nothing preventing Global from lawfully removing trees from its property. As such, the granting of the Special Permit has no impact on whether trees are removed from the wooded area, and could not be injurious to Mr. Therrein. (Second Pearson Affidavit, 22);
(6) The use or non-use of the [“bus line”) to access the Lunenburg Water District has no relation to the proposed developments is an issue for the Lunenburg Water District and the trucking companies to resolve. (Second Pearson Affidavit, 21.)
DISCUSSION
As a prerequisite to obtaining judicial review of the decision of a zoning board under G.L.c. 40A, §17, a plaintiff must have standing. Nickerson v. Zoning Bd. of Appeals, 53 Mass.App.Ct. 680, 681 n.2, rev. denied, 436 Mass 1104 (2002). The issue of standing is thus jurisdictional, and it is a question of fact for the Court. Marashlian v. Zoning Bd. of Appeals, 421 Mass. 719, 721 (1996). To possess standing, a party must be a “person aggrieved.” Planning Bd. v. Hingham Campus, 438 Mass. 364, 368 (2003). A plaintiff is a “person aggrieved,” for standing purposes, if he suffers some infringement of his legal rights. More specifically, the injury must be a violation of a private right, a private property interest, or a private legal interest. A person aggrieved must also present evidence to establish that his or her injury is special and different from the concerns of the rest of the community. Id. at 368-69 (citations and quotations omitted). Accord Barvenik v. Board of Aidermen, 33 Mass.App.Ct. 129, 132 (1992).
Parties in interest who receive notice under G.L.c. 40A, §11 as abutters are presumed to be aggrieved, and are presumed therefore to have standing. Marashlian v. Zoning Bd. of Appeals, 421 Mass. 719, 721 (1996), citing G.L.c. 40A, §11. G.L.c. 40A, §11 also defines parties in interest as “the petitioner, owners of land directly opposite on any public or private street or way, and abutters to the abutters within three hundred feet of the property line of the petitioner.”
In this instance, based on the record before the court which includes a plan that shows the position of the lots owned by the plaintiffs in relation to the land that is the subject of the petition, the plaintiffs are not abutters and do not meet the statutory conditions mentioned above. Nonetheless, the Board gave them notice and they were put on a certified list. (Plaintiff Exhibit 1.) G.L.c. 40A, §11 also provides, “The assessors maintaining any applicable tax lists shall certify to the permit granting authority or special permit granting authority the names and addresses of parties in interest and such certification shall be conclusive for all purposes." (Emphasis added.) By virtue of being placed on the assessor’s list pursuant to G.L.c. 40A, §11, plaintiffs are persons who qualify as parties in interest and are entitled to a presumption of standing.[3]
G.L.c. 40A, §11 differentiates between “parties in interest,” and §17 “parties aggrieved.” Redstone v. Board of Appeals, 11 Mass.App.Ct. 383, 385 (1981). Parties in interest are afforded statutory notice under G.L.c. 40A, §11, but do not gain automatic standing, only a rebuttable presumption of standing. A “party aggrieved” has standing for purposes of obtaining judicial review under G.L.c. 40A, §17. The plaintiff, as a party in interest, has only a presumption of being an aggrieved party for purposes of standing.
The presumption of standing can be rebutted by the defendant offering additional evidence to challenge the basis for standing or by showing that the plaintiffs’ affidavit fails to establish a special injury to any legal interest. Bell v. Zoning Bd. of Appeals, 429 Mass. 551, 554 (1999). “If standing is challenged, the jurisdictional question is decided on all the evidence with no benefit to the plaintiffls] from the presumption. A review of standing based on ‘all the evidence’ does not require that the factfinder ultimately find a plaintiffs allegations meritorious.” Id. at 551. The plaintiff then “must put forth credible evidence to substantiate his allegations.” Marashlian v. Zoning Bd. of Appeals, 421 Mass. 719, 721 (Mass. 1996).
While plaintiffs, as parties in interest, have the presumption of standing as an aggrieved person, the defendant has provided sufficient evidence to rebut this presumption. The defendant offered sufficient evidence that the project would not significantly increase traffic; that the addition of sidewalks on Pierce Avenue and its widening would increase the safety in the area; that the plaintiffs would not suffer blockage of light and air; that the density of the project is acceptable; that removing trees would not injure plaintiffs; and that the use of the “bus line” has no relation to the proposed development.
In an attempt to establish standing independent of the statutoiy presumption, plaintiffs asserts a special and individualized injury by expressing concerns for the safety of their children due to increased traffic; about the height of the building and its potential to block light and air; the densiiy of the project and the noise that will be generated thereby; the inconveniences to their family and others from the increased traffic that will be generated by the project on Pierce Avenue; about the loss of a visual barrier and the loss of the natural features provided by the tree buffer on Pierce Avenue; and concern that trucks and other vehicles that utilize the “bus road” will be diverted to Pierce Avenue by the project.
The only support for plaintiffs’ claims is an affidavit expressing conclusoiy statements. It is well settled, “even when positing legitimate zoning-related concerns, including possible vehicular traffic increases, [a plaintiff] must provide specific evidence demon *475 strating a reasonable likelihood that the granting of a special permit will result.” Barvenik v. Board of Aidermen, 33 Mass.App.Ct. 129, 133 (1992). A violation of a private legal or private property interest must be asserted, not just concerns that the general public might have. Nickerson v. Zoning Bd. of Appeals, 53 Mass.App.Ct. 680, 683 (2002).
“We do not read the term ‘person aggrieved’ narrowly, but the claimed injury or loss must be personal to the plaintiff, not merely reflective of the concerns of the community.” Sheehan v. Zoning Bd. of Appeals, 65 Mass.App.Ct. 52, 54 (2005). The plaintiffs’ affidavit contains only unsubstantiated, hypothetical and conjectural claims of possible negative effects the project will bring. It is lacking an adequate evidentiary basis. Because the affidavit alone is not sufficient to establish that they were aggrieved, they have failed to meet their burden of establishing standing, and therefore this Court lacks jurisdiction to hear their complaint. See G.L.c. 40A, §17; Cohen v. Zoning Bd. of Appeals, 35 Mass.App.Ct. 619, 622 (1993).
ORDER
For the foregoing reasons, the defendant’s motion to dismiss for lack of standing is ALLOWED.

In Rice v. McGuire, 2006 WL 1752416 (Mass. Land Ct. 2006), the plaintiffs were held to be “parties in interest,” but not “parties aggrieved.” The plaintiffs were given notice and put on the assessors list. Much like the plaintiffs here, they did not meet G.L.c. 40A, §11 express guidelines for notice, ie., “owners of land directly opposite on any public or private street or way, and abutters to the abutters within, three hundred feet of the property line of the petitioner.” Although the land court found that by virtue of being placed on the assessor’s certified list the plaintiffs were parties in interest and were afforded a rebuttable presumption of standing, the land court ultimately determined that the plaintiffs alleged harm was insufficient to award standing. The Rice case thus does not provide support for the plaintiffs in this case.