## WILLIAM NICKERSON *vs.* ZONING BOARD OF APPEALS OF RAYNHAM & others.[1]

No. 00-P-1878.

Bristol. September 10, 2001. - January 29, 2002.

Present: GILLERMAN, CYPHER, & COHEN, JJ.

*Practice, Civil,* Standing, Zoning appeal, Parties. *Zoning,* Appeal, Parties, Person aggrieved.

On appeal of a decision of a Superior Court judge affirming a town's zoning board of appeals' grant of a special permit to a store for an expansion, a nonabutter of the store did not qualify as an "aggrieved person" under G. L. c. 40A, § 17, where, although the nonabutter undoubtedly would be inconvenienced by increased traffic due to the expansion of the store, his interest was not substantially different from that of all of the other members of the community who would be inconvenienced by the heavy traffic. [681-684]

CIVIL ACTION commenced in the Superior Court Department on May 4, 1999.

The case was heard by *John M. Xifaras,* J.

*Max Volterra* for the plaintiff.

*Brian C. Levey* for Wal-Mart Stores, Inc., & others.

COHEN, J. The plaintiff, William Nickerson, appeals from a decision of the Superior Court affirming the defendant board's grant of a special permit to Wal-Mart Stores, Inc. (Wal-Mart), for an 85,000 square foot expansion to an existing 126,000 square foot Wal-Mart store located in the Raynham Woods Commerce Center, off Route 44 in Raynham. The plaintiff, who

[1]Robert Newton, Dix Shevalier, and Susan Peabody, as they are members of the zoning board of appeals of Raynham; Joe Grasso, an employee of Wal-Mart Stores, Inc.'s agent, Doucet & Associates; Paramount Development Associates, Inc., the owner of the subject parcel; and Wal-Mart Stores, Inc. (Wal-Mart). Defendants Grasso, Paramount, and Wal-Mart have filed the only appellees' brief.

is not an abutter, resides on Hill Street, approximately one mile from the expansion site. His objections to the permit stem from his concern about the impact of increased traffic in his neighborhood, particularly at the intersection of Hill Street and Route 44.

The plaintiff addresses three issues on appeal. As a threshold matter, he attempts to guard his flank by arguing that the Superior Court correctly concluded that he has standing to challenge the board's grant of the special permit.[2] He then claims that the Superior Court should have invalidated the special permit because the board unlawfully delegated its decision-making authority to the town's planning board. Finally, he contends that the Superior Court should not have sustained the board's grant of the special permit because it was based on "unreasonable and untenable grounds." Because we conclude that the plaintiff lacks standing to prosecute this appeal, we do not reach his arguments on the merits.

Pursuant to G. L. c. 40A, § 17, only "persons aggrieved" have standing to appeal a decision of a zoning board or other special permit granting authority. Although the plaintiff is not a "party in interest" as set forth in G. L. c. 40A, § 11, and therefore does not enjoy the rebuttable presumption of standing which is conferred upon such parties, see *Martin* v. *Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints*, 434 Mass. 141, 145-146 (2001), he nevertheless may qualify as a "person aggrieved" if he has put forth credible evidence to substantiate a claim of injury to his legal rights

---

[2]Even though he prevailed on this point below, the plaintiff correctly perceives that standing remains a live issue on appeal. Although the defendants did not cross appeal from the judge's decision insofar as it found standing, they are not precluded from arguing, as they do here, that lack of standing provides an alternative ground for affirmance. See *Boston Edison Co.* v. *Boston Redev. Authy.*, 374 Mass. 37, 42-43 (1977). Furthermore, the issue of standing is said to be "jurisdictional" in the sense that the plaintiff's status as an "aggrieved person" is an essential prerequisite to judicial review under G. L. c. 40A, § 17. See *Cohen* v. *Zoning Bd. of Appeals of Plymouth*, 35 Mass. App. Ct. 619, 620 (1993). It has therefore been suggested that the existence of standing may be considered by the court at any stage of the case, including on appeal, whether or not disputed by the parties. See Bobrowski, The Zoning Act's "Person Aggrieved" Standard: From *Barvenik* to *Marashlian*, 18 Western New England L. Rev. 385, 396-397 (1996).

which is more than speculative. See *Marashlian* v. *Zoning Bd. of Appeals of Newburyport*, 421 Mass. 719, 721-722 (1996).

The trial judge found that the plaintiff used the intersection of Hill Street and Route 44 "on a regular basis" and that there was credible evidence that the Wal-Mart expansion would result in at least some increase in traffic on Route 44. The judge then concluded that under the "expansive nature of standing set forth in *Marashlian*," he "must address the merits of the [plaintiff's] claim."[3] The trial judge's findings do not, however, address a separate and essential element of standing: that is, whether the plaintiff's injury is particularized, or, stated contextually, whether the plaintiff's traffic concerns are special and different from those of the rest of the community. See *Bell* v. *Zoning Bd. of Appeals of Gloucester*, 429 Mass. 551, 554 (1999); *Harvard Square Legal Defense Fund, Inc.* v. *Planning Bd. of Cambridge*, 27 Mass. App. Ct. 491, 493-494 (1989); *Barvenik* v. *Board of Aldermen of Newton*, 33 Mass. App. Ct. 129, 132 (1992).

Although standing is "essentially a question of fact for the trial judge," which will be reversed only if "clearly erroneous," *Marashlian*, *supra* at 721-722, we must "scrutinize without deference the legal standard which the judge applied to the facts," to ensure that the ultimate findings and conclusions are consistent with the law. See *Williams* v. *Resolution GGF Oy*, 417 Mass. 377, 382 (1994). Because the judge did not address the element of particularized injury, it is unclear whether his ultimate finding that the plaintiff made out a credible claim of injury was the product of correct legal analysis. However, it does not matter for our purposes whether the question before us

[3]Ultimately, however, the judge determined that the proposed Wal-Mart expansion would result in an increase in traffic on Route 44 of less than two percent, with minimal impact on intersection operations and queues. He therefore concluded that the decision of the zoning board should stand. See generally *Subaru of New England, Inc.* v. *Board of Appeals of Canton*, 8 Mass. App. Ct. 483, 486-487 (1979) (describing function of trial court in reviewing special permit decision). We recognize that the judge's ultimate conclusion on the merits does not necessarily defeat the plaintiff's claim of injury to his legal rights. *Marashlian*, *supra* at 723. We also recognize that traffic concerns are legitimately within the scope of the zoning laws. *Id.* at 722. See *Circle Lounge & Grille, Inc.* v. *Board of Appeal of Boston*, 324 Mass. 427, 430 (1949). Nevertheless, we reach a different conclusion on standing from that of the trial judge, for the reasons set forth in the text.

is one of law or of fact, because we conclude that the proof of particularized injury is so slim that even under the "clearly erroneous" standard, the finding of standing cannot be sustained.

The evidence bearing on this issue can be summarized as follows. The plaintiff resides about a mile from Wal-Mart with his wife, his four children, his mother, and his sister and his sister's three children. His 18-acre parcel abuts neither the existing Wal-Mart property nor the additional land which is intended to be sold to Wal-Mart in connection with the proposed expansion. There are several intervening intersections and other traffic-generating businesses on Route 44 between the locus and the plaintiff's street. When the plaintiff leaves his home, he usually takes Hill Street a short distance north to Route 44. If he is heading toward Wal-Mart, he must make a left turn on Route 44, which is difficult to do because of the heavy stream of traffic. Sometimes he avoids this problem by making a right turn and later turning around to go in the other direction, or by taking a more circuitous route to emerge at another intersection with Route 44 where he can take advantage of a traffic signal. An even bigger challenge, according to the plaintiff, is driving on Hill Street across to the other side of Route 44, where his children's schools and playing fields are located. To address these difficulties, the plaintiff would like to see the special permit conditioned on a traffic light being installed at the intersection of Hill Street and Route 44. However, he does not dispute that a traffic signal warrant study found that a signal at this intersection is not warranted.

While the plaintiff undoubtedly is inconvenienced by the heavy traffic on Route 44 and understandably would like his concerns to be addressed by the town, this evidence is an insufficient predicate for finding that he is a "person aggrieved" by the granting of the special permit. Individuals acquire standing by asserting "a plausible claim of a definite violation of a private right, a private property interest, or a private legal interest," as distinct from a claim that involves a matter of general public interest. *Harvard Square Defense Fund, Inc.* v. *Planning Bd. of Cambridge*, *supra* at 492-493. Here, the plaintiff's interest is not substantially different from that of all of the other members of the community who are frustrated and inconve-

nienced by heavy traffic on Route 44. If anything, the one-mile distance between his home and the locus, as well as the existence of intervening intersections between the locus and Hill Street, suggest that his concern about increased traffic due to the Wal-Mart expansion may be far less acute than that of many other town citizens. See *Boston Edison Co.* v. *Boston Redev. Authy.*, 374 Mass. 37, 63 & n.17 (1977) (expressing "grave doubts about granting standing" to a nonabutter whose property interest was one-third of a mile from the site). Compare *Marashlian, supra* (abutters had standing based upon their use of public street parking to meet their business and personal needs and their fear of increased traffic and decreased public parking availability due to the development of a hotel across the street).

In short, the plaintiff does not qualify as an aggrieved person under G. L. c. 40A, § 17. Because the plaintiff did not meet an essential prerequisite to judicial review of the zoning board's decision, the case should have been dismissed.

*Judgment affirmed.*