Riley, J.
This case comes before the Court on a Motion for Summary Judgment, pursuant to Mass.R.Civ.P. 56.
The plaintiffs brought this case, pursuant to G.L.c. 40A, §17, seeking to appeal the decision of the co-defendant, Town of Andover Planning Board (the “Board”), in which the Board issued a special permit (the “permit”) to the co-defendant, Mark Marama (“Marama”). The permit allowed Marama to construct an office/warehouse building at 149 River Street, Andover, Massachusetts (the “locus”). The plaintiffs assert that the Board failed to adequately analyze the impact that the proposed development of the locus will have on local traffic.
BACKGROUND
The following are the relevant undisputed facts or, if disputed, taken in the light most favorable to the plaintiffs.
On or about August 15, 2002, Marama applied to the Board for a special permit for the construction of a 32,000 square-feet office/warehouse building. The locus is located in the Lowell Junction Road District (the “district”), which is zoned Industrial A. There are approximately 34 businesses in the district which operate industrial, warehouse and office facilities. The Board held hearings on Marama’s application before voting to approve it on or about November 26, 2002. The Board analyzed the potential impact of the proposed development on traffic conditions, among *694 other factors, before voting to grant the permit. On or about December 1, 2002, the Board issued the permit and notice of the decision was filed with the Andover Town Clerk.
On or about January 7, 2003, the plaintiffs filed their appeal with the Court. They live in the Ballardvale section of Andover, in an area zoned for single-family residences. Two of the plaintiffs live on River Street while the remaining live on Clark Road. The shortest route between the locus and Interstate 93 involves driving through the neighborhoods where the plaintiffs’ homes are located, including portions of River Street and Clark Road. The distance from the locus to the plaintiffs’ homes ranges from half a mile to 1.3 miles. In between the locus and the plaintiffs’ homes are numerous homes and businesses.
DISCUSSION
I. Standard of Review
This Court grants summary judgment where there are no genuine issues of material fact and where the moving party is entitled to summary judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553. The moving party bears the burden of demonstrating affirmatively the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue by showing that the nonmoving party has no reasonable expectation of proving an element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Pederson, 404 Mass, at 17. The nonmoving party cannot defeat the motion for summary judgment by resting on his or her pleadings and mere assertions of disputed facts. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
II. G.L.c. 40A
G.L.c. 40A, §17 allows, “any person aggrieved by a decision of. . . any special permit granting authority . . . may appeal to the superior court department in which the land concerned is situated.” A “person aggrieved” is one who has suffered an infringement of his legal rights and whose injury is more than speculative. Marashlian v. Zoning Bd. of Appeals of Newburyport, 421 Mass. 719, 721-23 (1996). The person must be able to offer evidence to show that “his injury is special and different from the concerns of the rest of the community.” Bell v. Zoning Bd. of Appeals of Gloucester, 429 Mass. 551, 554 (1999), quoting Barnevik v. Aldermen of Newton, 33 Mass.App.Ct. 129, 132 (1992). As the showing of status of “aggrieved person” is a prerequisite of judicial review, it is essentially a question of standing. Cohen v. Zoning Bd. of Appeals of Plymouth, 35 Mass.App.Ct. 619, 620 (1993). Standing is an issue of law for the court to decide. Fletcher v. Cape Cod Gas Co., 394 Mass. 595, 603 (1985).
Marama argues in his motion that the plaintiffs lack standing because their allegations of a possible increase in traffic volume do not represent a condition distinct from the rest of the community. He asserts that the plaintiffs are unable to show how they will be affected by the granting of the special permit differently from others in the neighborhood. Marama also argues that the plaintiffs’ claims are speculative and without any evidentiary support.
The plaintiffs counter that their injuries are distinct from the rest of the community, as they claim to live on the roads that would be most affected by the potential increase in traffic. The plaintiffs also argue that a town by-law mandating that the Board consider the effects of increased traffic automatically give them standing.
In Nickerson v. Zoning Bd. of Appeals of Raynham, the Appeals Court held that the plaintiff (“Nickerson”) lacked standing to contest the expansion of a WalMart. 53 Mass.App.Ct. 680 (2002). The court ruled that Nickerson’s complaint about increased traffic was not unique from the general concerns of the community. Id. at 683-84. The facts of Nickerson and the case at issue are similar.
In Nickerson, the plaintiff lived approximately one mile from the site at issue. Id. at 684. Here, the plaintiffs live anywhere from half a mile to one mile from the locus. In both cases, there are intervening intersections between the plaintiffs’ homes and the sites. Id. In this case, there are numerous homes and businesses between the plaintiffs’ homes and the locus.
The plaintiffs argue that Nickerson is not entirely relevant here because their homes are directly located on the roads affected by traffic, whereas Nickerson had to drive a distance to reach Route 44, the traffic-affected road. The plaintiffs contend that they would more strongly feel the impact of an increase in traffic than Nickerson would have, as they would have no choice but to deal with a traffic-affected roadway. The difference between the two cases, however, is not as great as the plaintiffs allege, as the Nickerson court found that the plaintiff used the intersection of his street and Route 44 “on a regular basis.” Id. at 682.
Considering the facts described above, the Court finds Nickerson persuasive. The plaintiffs here have failed to assert a “ ‘plausible claim of a definite violation of a private right, a private property interest or a private legal interest,’ as distinct from a claim that involves a matter of general public interest.” Id. at 683, quoting Harvard Square Defense Fund, Inc. v. Planning
*695 Bd. of Cambridge, 27 Mass.App.Ct. 491, 492-93 (1989). The plaintiffs’ interests are not “substantially different from that of all of the other members of the community” who use River Street and Clark Road on a regular basis. Nickerson, 53 Mass.App.Ct. at 683. Therefore, the plaintiffs do not qualify as aggrieved persons under G.L.c. 40A, §17.[3]
As there is no issue of material fact and standing is a question of law for the court to decide, for the reasons discussed, Marama is entitled to summary judgment as a matter of law.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant Mark Marama’s motion for summary judgment is ALLOWED.

As for the plaintiffs’ assertion that an Andover by-law regarding traffic grants them standing, there is no basis for the argument. The by-law merely states that the town must take into consideration the possibility of an increase in traffic, which, according to the summary judgment record, it did.