The plaintiffs appeal from a Superior Court judgment dismissing, for lack of standing and thus subject matter jurisdiction, their challenge to a decision of the Boston board of appeal (the board) granting certain zoning variances to the defendant 3353 Washington LLC (the developer). The complaint sought judicial review under the Boston zoning enabling act (the act), St. 1956, c. 665, § 11, and also asserted that the board's decision constituted "spot zoning" in violation of the plaintiffs' equal protection rights. In a careful memorandum of decision, a judge concluded that the plaintiffs were not "persons aggrieved" under § 11 of the act[4] and thus lacked standing to pursue their claims. We agree and therefore affirm.
The complaint alleged that the plaintiffs are tenants of residential buildings located at 180 and 190 Green Street in the Jamaica Plain section of Boston. The board granted the developer variances in order to build a forty-five unit, 45,286 square foot, six-story mixed use building at 211 Green Street (the locus). Although this is near where the plaintiffs reside, the plaintiffs have conceded that they are not entitled to the rebuttable presumption of aggrievement. See Murrow v. Esh Circus Arts, LLC, 93 Mass. App. Ct. 233, 235 (2018).
The plaintiffs assert that they are aggrieved because the development will cause (1) increased traffic and consequent personal danger to themselves "and other bicyclists" on Green Street; (2) anticipated driving delays due to increased traffic; (3) decreased availability of nearby on-street parking for themselves and their guests; (4) increased density in the vicinity of their residences, changing the character of the street; (5) pressure for increased rents that would leave the plaintiffs "and their neighbors" unable to remain in the neighborhood; and (6) diminution of the rich diversity of race, class, ability, and age in the neighborhood -- diversity that the plaintiffs greatly value, have worked to accomplish, and is a reason they chose to live in the neighborhood.[5]
"We do not read the term 'person aggrieved' narrowly, but the claimed injury or loss must be 'personal to the plaintiff, not merely reflective of the concerns of the community.' " Sheehan v. Zoning Bd. of Appeals of Plymouth, 65 Mass. App. Ct. 52, 54 (2005) (citation omitted). "[A] plaintiff must establish -- by direct facts and not by speculative personal opinion -- that his injury is special and different from the concerns of the rest of the community." Barvenik v. Aldermen of Newton, 33 Mass. App. Ct. 129, 132 (1992). See Bell v. Zoning Bd. of Appeals of Gloucester, 429 Mass. 551, 554 (1999) ; Murrow, 93 Mass. App. Ct. at 235 (aggrievement requires "specialized, cognizable injury").
The plaintiffs have not distinguished their claimed injuries from those that would be suffered by others in the neighborhood; indeed, they expressly allege that some of their injuries would be shared by others generally. Their claimed injuries are not "special and different from the concerns of the rest of the community," Barvenik, 33 Mass. App. Ct. at 132, even if the plaintiffs might experience them to a greater degree than community members who live or work further from the locus. Cf. Murrow, 93 Mass. App. Ct. at 238 (general allegations that plaintiff and neighborhood would be harmed by increased potential for overcrowding, discouraging housing for persons of all income levels, and increased traffic, were insufficient to make plaintiff aggrieved).
In addition, some of the claimed injuries, such as increased rents, are not ones against which the act "is intended to protect, either explicitly or implicitly." 81 Spooner Rd., LLC v. Zoning Bd. of Appeals of Brookline, 461 Mass. 692, 700 (2012). Relying on Marashlian v. Zoning Bd. of Appeals of Newburyport, 421 Mass. 719, 722 (1996), the plaintiffs argue that increased traffic and decreased parking availability are concerns protected by the act. But Marashlian did not focus on whether the traffic and parking concerns of the plaintiffs in that case were special and different from the rest of the community.[6] See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 722-724. It is on that ground that the plaintiffs' allegations fall short here.[7]
Nor do we accept the plaintiffs' argument that even if they are not "persons aggrieved," they still have standing to assert their spot zoning claim. The plaintiffs base their argument on the principle that:
"for purposes of their standing to challenge local legislation that adopts or amends a zoning ordinance or by-law, it is sufficient for ... plaintiffs to have established that they will suffer an adverse impact from the legislative zoning action, without establishing, in addition, that their injury is special and different from the concerns of the rest of the community."
Van Renselaar v. Springfield, 58 Mass. App. Ct. 104, 107 (2003). This principle applies to local legislation; the plaintiffs cite no case extending it to zoning board of appeal decisions granting variances to particular property owners. When a board of appeal grants a variance or a special permit, it is not reclassifying a parcel; it is exercising quasi-judicial, not legislative power, and its decision cannot be challenged as spot zoning. See Kiss v. Board of Appeals of Longmeadow, 371 Mass. 147, 156-157 (1976) (special permit case).
The plaintiffs ask us to conclude that variances may have sufficient effect on a parcel to amount to a legislative rezoning, thus permitting a spot zoning challenge by any plaintiff who, even if not aggrieved, meets the standing requirement of Van Renselaar. Again, however, they cite no case so holding, and they offer no standard by which to measure how extensive the effect of a variance or variances must be in order to amount to a rezoning and allow such a challenge. If mere dissimilar treatment of similar parcels were enough, then many zoning variances could be challenged as spot zoning. See Board of Appeals of Hanover v. Housing Appeals Comm., 363 Mass. 339, 361 (1973). This would seriously undermine the statutory requirement that a person must be aggrieved in order to challenge a zoning board of appeal's decision.[8]
Judgment affirmed.

The act's "person aggrieved" requirement is the same as that in G. L. c. 40A, § 17, and, thus, authority under the latter statute is applicable in matters involving the former. See Sherrill House, Inc. v. Board of Appeal of Boston, 19 Mass. App. Ct. 274, 275 (1985).

We have listed the grounds for aggrievement that the plaintiffs pursue in their appellate brief. Their complaint listed additional grounds (or phrased their grounds slightly differently) and they have alluded to other grounds in the "Issues Presented" section of their brief, but the brief does not offer any developed argument on those grounds. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975) (appellate court need not pass on issues not argued in brief).

The developer suggests that Marashlian, in concluding that a "minimal[ ]" increase in traffic and the loss of "some" parking spaces could constitute aggrievement, 421 Mass. at 723, must be viewed in light of the more recent holding that "[a]ggrievement requires a showing of more than minimal or slightly appreciable harm." Kenner v. Zoning Bd. of Appeals of Chatham, 459 Mass. 115, 121 (2011). We need not resolve this question.

The defendants also persuasively argue, and the judge agreed, that some of the plaintiffs' alleged injuries are either de minimis, see Kenner, 459 Mass. at 121, or too speculative. See Barvenik, 33 Mass. App. Ct. at 133 ("a plaintiff must ... offer more than conjecture and hypothesis"). We need not reach these additional arguments.

Because of our conclusion that the plaintiffs lack standing, we need not address their argument that the developer's variance application was itself deficient.