NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1108

JOHN WHITTIER & others[1]

vs.

PLANNING BOARD OF IPSWICH & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Defendant Ora, Inc. (Ora), is an ophthalmic research and development company.  Defendant planning board of the town of Ipswich (board) issued Ora a special permit to build a conference center consisting of corporate offices, dining facilities, a twenty-one-room guest lodge, a health and wellness center, and ninety parking spaces at 55 Waldingfield Road, a property located in a residential district where commercial uses beyond agriculture and animal husbandry are generally not

---

[1] Jennifer Eddy, Thomas Eddy, John Lichten, Mary Milgrom, Michael Greene, Phyllis Greene, Elisabeth Massey, Jonathan Petersen, and Geoffrey Noyes as trustee of Sunswick Realty Trust.

[2] Ora, Inc.

permitted.  The board issued a special permit and site plan approval under the section of the Ipswich protective zoning bylaw (Ipswich bylaw) that authorizes "Great Estate Preservation Development" (GEPD bylaw).

The plaintiffs own neighboring properties on or near Waldingfield Road, five of which directly abut the Ora project site.  Following the board's decision to issue Ora's special permit, the plaintiffs brought a complaint in the Land Court challenging the issuance of said permit and the site plan approval.[3]  As relevant to this appeal, Ora moved to dismiss the plaintiffs' complaint pursuant to Mass. R. Civ. P. 12 (b) (1), 365 Mass. 754 (1974), arguing that the court lacked subject matter jurisdiction because none of the plaintiffs were "persons aggrieved" for purposes of conferring standing.  See G. L. c. 40A, § 17.  Following a hearing, the judge ruled that the plaintiffs lacked standing and dismissed their complaint.  On the plaintiffs' appeal, we affirm.

Discussion.  1.  Standard of review.  Where a court determines that a plaintiff lacks standing, it must dismiss

_____

[3] In counts one through three of their complaint, the plaintiffs claimed that the board's decision was legally untenable.  In count four, the plaintiffs argued that the board failed to comply with bylaw procedures and its own rules.  In count five, the plaintiffs claimed that the board's decision was not based on substantial evidence and was arbitrary and capricious.

their complaint for lack of subject matter jurisdiction. See Ginther v. Commissioner of Ins., 427 Mass. 319, 322 (1998). Furthermore, standing is "essentially a question of fact for the trial judge." Marashlian v. Zoning Bd. of Appeals of Newburyport, 421 Mass. 719, 721 (1996). Thus, when reviewing a judgment dismissing a plaintiff's complaint for lack of standing, "the judge's findings of fact will not be set aside unless they are clearly erroneous or there is no evidence to support them" (quotation and citation omitted). Wendy's Old Fashioned Hamburgers of N.Y., Inc. v. Board of Appeal of Billerica, 454 Mass. 374, 383 (2009). Determinations of law, however, are reviewed de novo. Doherty v. Planning Bd. of Scituate, 467 Mass. 560, 567 (2014).

Because Ora moved for dismissal under Mass. R. Civ. P. 12 (b) (1) and argued that the plaintiffs lacked standing, the judge was required to "accept the factual allegations in the plaintiffs' complaint, as well as any favorable inferences reasonably drawn from them, as true." Ginther, 427 Mass. at 322. Yet, the judge could also "consider affidavits and other matter outside the face of the complaint which [were] used to support the movant's claim that the court lack[ed] subject matter jurisdiction." Id. at n.6.

2. Rebuttable presumption of standing. The plaintiffs in this case argue that, based on their traffic and safety

3

concerns, the judge erred in finding that Ora successfully rebutted the presumption of standing for the five plaintiffs who are statutory abutters to 55 Waldingfield Road. We disagree.

Under G. L. c. 40A, § 11, abutters enjoy a rebuttable presumption that they are "aggrieved" persons and thus entitled to standing. 81 Spooner Rd., LLC v. Zoning Bd. of Appeals of Brookline, 461 Mass. 692, 700 (2012). That presumption, however, can be rebutted if a defendant shows that "as a matter of law, the claims of aggrievement raised by an abutter, either in the complaint or during discovery, are not interests that the Zoning Act is intended to protect." Picard v. Zoning Bd. of Appeals of Westminster, 474 Mass. 570, 573 (2016), quoting 81 Spooner Rd., LLC, supra at 702. A defendant can also rebut the presumption "by coming forward with credible affirmative evidence . . . that warrant[s] a finding contrary to the presumed fact of aggrievement, or by showing that the plaintiff has no reasonable expectation of proving a cognizable harm" (quotation and citation omitted). Picard, supra.

In their complaint, the plaintiffs here claimed aggrievement due to the project based on (1) expected increases in traffic and traffic congestion on Waldingfield Road at certain intersections, (2) increased safety risks for plaintiffs who require the use of Waldingfield Road to access their

4

driveways, and (3) "adverse traffic impacts" on pedestrians, cyclists, and equestrians on Waldingfield Road.[4]

With respect to the plaintiffs' concerns, Ora worked with GPI, an engineering firm that submitted a traffic impact study and a supplemental traffic memorandum. In these documents, GPI concluded that the project would have a "negligible impact" on the relevant intersections on Waldingfield Road, and that "there will be adequate capacity to accommodate the anticipated traffic volumes." According to an affidavit submitted by GPI engineer Heather Monticup, these facts were reiterated by the town's peer reviewing engineer, who stated during a board meeting that Waldingfield Road was "designed historically to handle at least [as] much traffic" as would be produced by the Ora project. Further, Ora subsequently submitted a residential driveway analysis,[5] which showed that the effect of the project on the

---

[4] The plaintiffs also claimed they were aggrieved based on density concerns. On appeal, they have not challenged the judge's finding that they failed to put forth sufficient evidence to confer standing based on the density concerns, however.

[5] The plaintiffs claim that the driveway analysis is irrelevant because hypothetical driveways were analyzed instead of the plaintiffs' actual driveways. This claim, however, is negated by Monticup's assertion that the hypothetical driveways were chosen to be "representative of all homes along Waldingfield Road," including those located on the plaintiffs' properties.

plaintiffs' abilities to access their driveways would be negligible and, according to Monticup, "likely imperceptible."

Overall, the evidence showed that although residents could expect a 30.6% increase in traffic on Waldingfield Road, this amounted to a "de minimis" impact.  Given this well-supported conclusion, the judge did not err in finding that the plaintiffs' traffic concerns, as well as their safety concerns related the negligible increase in traffic, were thus rebutted by Ora.[6]  Ultimately, Ora successfully put forth evidence that "warrant[ed] a finding contrary to the presumed fact . . . of aggrievement."  81 Spooner Rd., LLC., 461 Mass. at 701.

The plaintiffs also claim error in the judge's decision to address the plaintiffs' traffic and safety interests together

---

[6] The plaintiffs' claim that Ora failed to rebut their traffic and safety concerns related to nonautomotive uses is likewise unpersuasive.  As discussed, Ora's evidence showed that Waldingfield Road would not be overly congested and could adequately accommodate the de minimis increase in traffic caused by the project.  Thus, any safety concerns based on an increase in vehicles on the road, whether related to other drivers or those using the road in nonautomotive ways, are speculative and contrary to the expert evidence presented.  Furthermore, even if we were to give the plaintiffs the benefit of the argument as it relates to nonautomotive uses, "standing may be rebutted by demonstrating the insufficiency of the evidence upon which it rests."  Murchison v. Zoning Bd. of Appeals of Sherborn, 485 Mass. 209, 214-215 (2020).  This includes a determination that "[t]he evidence did not demonstrate harm particular to the plaintiffs, different from general concerns shared by the rest of the neighborhood."  Id. at 215.  As will be discussed infra, the judge did not err in concluding that the plaintiffs failed to show how their safety concerns differed from those of the rest of the community.

because, as the court determined, "the two interests are so closely intertwined." We discern no such error. It is clear from the plaintiffs' complaint and the evidence submitted in support of their claims of aggrievement that they were concerned with the safety impacts of the project only insofar as the increase in traffic congestion would affect the safety of Waldingfield Road for drivers, pedestrians, cyclists, and equestrians. Compare Denneny v. Zoning Bd. of Appeals of Seekonk, 59 Mass. App. Ct. 208, 210, 212-213 (2003) (statutory abutter claimed safety interest where she alleged structural integrity of proposed tower created hazard to residents). Given that these interests are so closely intertwined, there was no error in addressing the traffic and safety concerns together.

3. Credible evidence of specialized injury. We are not persuaded that, as the plaintiffs next argue, the judge erred in finding that the plaintiffs failed to proffer credible evidence of aggrievement. Where a plaintiff is not presumed to have standing (because the presumption of standing does not apply or their presumed standing has been rebutted), "the burden rests with the plaintiff to prove standing [i.e., aggrievement], which requires that the plaintiff 'establish -- by direct facts and not by speculative personal opinion -- that his injury is special and different from the concerns of the rest of the community.'" Kenner v. Zoning Bd. of Appeals of Chatham, 459

7

Mass. 115, 118 (2011), quoting Standerwick v. Zoning Bd. of Appeals of Andover, 447 Mass. 20, 33 (2006).  This standard has both quantitative and qualitative components.  See Butler v. Waltham, 63 Mass. App. Ct. 435, 441 (2005).  "Quantitively, the evidence must provide specific factual support for each of the claims of particularized injury the plaintiff has made."  Id., citing Marashlian, 421 Mass. at 724.  "Qualitatively, the evidence must be of a type on which a reasonable person could rely to conclude that the claimed injury likely will flow from the board's action."  Butler, supra.  Ultimately, "[s]peculation and conjecture are not evidence, and in any event, more than a 'minimal or slightly appreciable' harm is required."  Murchison v. Zoning Bd. of Appeals of Sherborn, 485 Mass. 209, 215 (2020).

In an attempt to present credible evidence of their claims of aggrievement, each plaintiff in the present case offered an affidavit.  In their affidavits, the plaintiffs generally and in a conclusory way stated that, due to the Ora project, the traffic conditions on Waldingfield Road will worsen and, consequently, there will be a high risk of harm to them when using the road.  These predictions, however, lack factual support and run contrary to Ora's credible evidence discussed above.  With specific respect to the affidavit of Geoffrey Noyes, the trustee of the Sunswick Realty Trust that owns the Tioga Pony Farm on Waldingfield Road, Noyes's speculation

8

regarding an increased difficulty accessing his property is contradicted by Ora's expert traffic studies, including the driveway analysis. Furthermore, Noyes's concern about riding horses on Waldingfield Road fails to show an adverse effect related to the use of his property, and instead represents a generalized concern that any individual (including any equestrian in the community) using the road would have. See Michaels v. Zoning Bd. of Appeals of Wakefield, 71 Mass. App. Ct. 449, 451 (2008). The Noyes affidavit, like those of the other plaintiffs, thus failed to show a nonspeculative, particularized harm that is more than "minimal or slightly appreciable." Murchison, 485 Mass. at 215.

Moreover, we see no error or abuse of discretion in the judge's determination that William J. Scully's affidavit and Professor Robert D. Yaro's letters were insufficient to bolster the plaintiffs' speculative claims. Although Scully is a qualified transportation engineer, he did not state that he conducted any of his own research, nor did he submit any traffic impact study or sight distance evaluation of his own. Scully's opinion was based on, inter alia, an "overcount[ing] [of] the number of proposed employees" at the site, and his opinion that Ora's experts could have used different codes in their calculations. This, however, does not represent adequate criticism of Ora's evidence. Similarly, we see no error in the

9

judge's rejection of Scully's contention that Ora used incorrect standards in its sight distance evaluation where Ora's expert analysis was, according to Monticup, performed in accordance with industry standards.

Likewise, as the judge noted, Yaro does have town planning experience, but he is not a qualified transportation engineer, and he did not conduct any of his own traffic studies. His concerns about increased speed on Waldingfield Road are conclusory and speculative, and, along with his claims about the change in physical characteristics of the rural roadway and potential increase in traffic noise, fail to form a claim of aggrievement on behalf of the plaintiffs that is substantially different from other members of the community. See Michaels, 71 Mass. App. Ct. at 451 ("assertions of stigma and change in neighborhood character . . . [amount] to little more than the kind of undifferentiated fear and apprehension that is insufficient to confer standing").

Overall, the plaintiffs have failed to show error in the judge's determination that their concerns, including those related to traffic and safety, are no different from the concerns of the community as a whole. See Michaels, 71 Mass. App. Ct. at 451 (no standing where, although project would create "very slight incremental increase in the number of vehicles" on road, plaintiffs failed to show that "there will be

10

any problems of traffic volume increase that could possibly affect the plaintiffs or their properties adversely"); Nickerson v. Zoning Bd. of Appeals of Raynham, 53 Mass. App. Ct. 680, 683-684 (2002) (no standing where plaintiff's claims of aggrievement were "not substantially different from [those] of all of the other members of the community who [were] frustrated and inconvenienced by heavy traffic").  Cf. Harvard Sq. Defense Fund, Inc. v. Planning Bd. of Cambridge, 27 Mass. App. Ct. 491, 492-493 (1989) (plaintiff can acquire standing by "asserting a plausible claim of a definite violation of a private right, a private property interest, or a private legal interest").  Simply put, the evidence presented by the plaintiffs was speculative, generalized, and failed to show "more than a 'minimal or slightly appreciable' harm."  Murchison, 485 Mass. at 215.  Accordingly, there is no reason to disturb the judge's finding that the plaintiffs failed to come forward with credible evidence to substantiate their allegations of particularized harm.

4. Standing based on diminution in property value. Lastly, the plaintiffs argue that the judge erred in concluding that the plaintiffs could not rely on diminution in property value to confer standing.  We disagree.

"It is well established . . . that diminution in [property] value itself is not an interest protected under G. L. c. 40A."

11

Murchison, 485 Mass. at 216, citing Kenner, 459 Mass. at 123. Accordingly, "diminution in property value is an insufficient basis for standing unless 'it is "derivative of or related to cognizable interests protected by the applicable zoning scheme."'" Pobeda RT II, LLC v. Zoning Bd. of Appeals of Watertown, 104 Mass. App. Ct. 250, 252 (2024), quoting Kenner, supra.

As in Pobeda RT II, LLC, 104 Mass. App. Ct. at 253, the plaintiffs in the present case rely on language in the general purpose section of the Ipswich bylaw ("to conserve the value of land and buildings") in an attempt to "create the necessary link between" the zoning ordinance and property value. However, as we held in Pobeda RT II, LLC, supra, "statements of legislative purpose 'suggest standards for the exercise of discretion where such discretion is otherwise provided. They are not themselves a source of discretion,'" quoting McCaffrey v. Board of Appeals of Ipswich, 4 Mass. App. Ct. 109, 112 (1976). In reading the entirety of the purpose section of the Ipswich bylaw,[7] insofar as the bylaw seeks to conserve property value, "it does not do so to protect individual economic interests, but instead to serve

_____

[7] It should be noted that the purpose section of the more specific GEPD bylaw, under which Ora was granted its special permit and site plan approval, does not mention the conservation of the value of buildings.

12

the broader objectives of promoting public safety and health."

Pobeda RT II, LLC, supra.

Even if the plaintiffs' diminution in value claims are derivative of or tethered to their traffic and safety concerns,[8] however, given our conclusion that the judge did not err in finding that the plaintiffs failed to come forward with credible, nonspeculative evidence related to those concerns, there can be no error in the judge's holding that the plaintiffs

---

[8] Notably, some of the plaintiffs' diminution in value claims are based not on increased traffic or safety concerns, but, more generally, on the supposed change in character of the rural area in which the plaintiffs originally purchased their properties. That was not pleaded in the complaint, however, and the idea that the plaintiffs' properties will diminish in value because the commercial nature of the project will discourage buyers is speculative and unsupported by the record. See Butler, 63 Mass. App. Ct. at 441 ("Qualitatively, the evidence [used to demonstrate one's specialized injury] must be of a type on which a reasonable person could rely to conclude that the claimed injury likely will flow from the board's action. Conjecture, personal opinion, and hypothesis are therefore insufficient").

13

failed to show they were aggrieved persons on the basis of diminution in property value.

Judgment affirmed.

By the Court (Singh, Hand & D'Angelo, JJ.[9]),

Paul Little

Clerk

Entered:  October 22, 2024.

---

[9] The panelists are listed in order of seniority.